UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAY M. BLOCK,

    Plaintiff,

v.                                        Case No. 8:08-CV-2426-27MAP

SARASOTA COUNTY, FLORIDA, et al.,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon review of Plaintiff's Civil Rights Complaint (hereinafter "complaint") (Dkt. 1), filed December 5, 2008.

Plaintiff, a prisoner who is proceeding *pro se* and currently in the custody of the San Francisco City Jail, San Francisco, California, filed his complaint alleging violations of his constitutional rights occurred while he was incarcerated at Sarasota County Jail, Sarasota, Florida, between September 16, 2007, and May 19, 2008. On the complaint, under the Exhaustion of Administrative Remedies section (section I), Plaintiff specifically checks the "no" box in response to whether he presented the facts in his complaint for review through the grievance procedure (Dkt. 1 at 1). Plaintiff states in his complaint that he did not present his claims through the grievance procedure because:

> "[i]t was [his] experience that the Sarasota County Jail grievance procedure took up to 120 days or more for response if they ever responded at all. The emergency hotline phone number in the inmate handbook was called twice with no response. I wrote letters explaining my treatment to Governor Crist, Judge Roberts, State Prosecutor, Inmate Civil Rights (Tampa Office) and the Cty. Jail Medical Dep't. - all to no avail! I requested several 'keep seperates [sic] or stay aways [sic]' for

threatening inmates. This did not prevent the violations - nor did it seem to even raise an eyebrow among the authorities mentioned meant to protect me."

Id. at 2.

The Prison Litigation Reform Act ("PLRA") requires the Court to determine whether this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. *See* 28 U.S.C. § 1915(e)(2).

The application of an affirmative defense such as absolute immunity, res judicata, or failure to exhaust administrative remedies are examples that warrant a *sua sponte* dismissal by the court for failure to state a claim if these affirmative defenses appear on the face of the complaint. *Jones v. Bock*, 549 U.S. 199 (2007); *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990); *Anderson v. Donald*, 261 Fed. Appx. 254, 255 (11th Cir. 2008)("[A] complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint.")(unpublished opinion). Upon review of Plaintiff's complaint, it is apparent that the complaint fails to state a claim as a result of the exhaustion of administrative remedies requirement. Importantly, 42 U.S.C. § 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The PLRA requires full and proper exhaustion of administrative remedies. *Woodford v. Ngo*, 548 U.S. 81 (2006). In *Johnson v. Meadows*, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit, noting the "policies favoring exhaustion," held that the PLRA contains a procedural default

component where an inmate fails to avail himself in a timely fashion of the institution's administrative process. *Id.* at 1156. Thus, where an inmate fails to timely and fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

Furthermore, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. *Porter v. Nussle*, 534 U.S. 516 (2002). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (citation omitted).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford*, 548 U.S. at 85. Failure to exhaust administrative remedies is an affirmative defense, and inmates "are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. However, when an affirmative defense is obvious from the face of a complaint or a court's records, it is not necessary to await the defendant's responsive pleading to raise the defense. *Clark*, 915 F.2d at 641 n.2. Instead, a court may properly *sua sponte* dismiss the complaint under these limited circumstances. *See Miller v. Woodham*, 2006 U.S. App. LEXIS 9035, 2006 WL 955748 at *1 (11th Cir. Apr. 12, 2006).

Here, based upon the face of the complaint, it is apparent that Plaintiff prematurely filed his complaint, prior to utilizing the grievance procedure available at the Sarasota County Jail and

3

exhausting his administrative remedies.[1] (*See* Dkt. 1 at 1-2). Consequently, the Court will dismiss this action without prejudice for failure to state a claim.

ACCORDINGLY, the Court **ORDERS** that:

1. This case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court shall enter judgment against Plaintiff, terminate any pending motions and close this case.

**DONE and ORDERED** in Tampa, Florida, on December 12th, 2008.

JAMES D. WHITTEMORE
United States District Judge

SA: sfc
Copy to: *Pro Se* Plaintiff

---

[1] To the extent Plaintiff asserts that he did not use the grievance procedure because "[i]t was [his] experience that the Sarasota County Jail grievance procedure took up to 120 days or more for response if they ever responded at all" his argument must fail because the Court cannot waive the exhaustion requirements where the Court determines that the administrative remedies are futile or inadequate. *See Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

4